PEOPLE ex rel. FLOOD v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, First Department. April 19, 1912.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICE—REMOVAL OF POLICEMAN—GROUNDS.

　　Two policemen, who had made an arrest, took the prisoner before a police lieutenant, who discharged him, and ordered the policemen to return to their posts. They delayed for about five minutes, during which they were discussing the question of rearresting the prisoner. *Held* that,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in view of the express provisions of Greater New York Charter (Laws 1901, c. 466) § 338, Penal Law (Consol. Laws 1909, c. 40) § 1844, and Code Cr. Proc. § 165, under which they were required to take such prisoner before a magistrate, and the fact that no statute confers the power of a magistrate on a police lieutenant, their delay in obeying this order, which prevented them from performing a plain statutory duty, was not such insubordination as would justify their removal from the police force.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on the relation of Hugh A. Flood, against William P. Baker, as Police Commissioner of the City of New York, to review his action in removing relator from the police force. Writ sustained, proceedings annulled, and relator reinstated.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Florence J. Sullivan, of New York City, for relator.
Harry Crone, of New York City, for respondent.

SCOTT, J. The charge against the relator was "conduct unbecoming an officer, neglect of duty, and insubordination." The specification was that on the evening of March 18, 1910, the relator, assisted by another patrolman, arrested a citizen at a subway station, and took him to the Sixteenth Police Precinct station house, and arraigned him before a police lieutenant in charge of the desk, charging said prisoner with disorderly conduct; that said police lieutenant decided not to hold the person arrested as a prisoner, but discharged him, and ordered relator and the other patrolman to return to their posts; that said relator did not return to his post, but remained at the corner of Third and Mercer streets, about one-half a block from the station house, for a period of about five minutes.

The evidence showed that relator and his companion were seriously in doubt as to whether it was not their duty to rearrest the prisoner, notwithstanding his discharge by the police lieutenant, and that the few minutes during which they delayed their immediate return to post were consumed in a discussion as to what course they ought to pursue. We are of the opinion that the evidence fell short of establishing any willful or contumacious insubordination, or violation of orders. The relator and his companion may well have hesitated as to what their duty was under the circumstances. The statutes (section 338, Greater New York Charter; section 1844, Penal Law; section 165, Code Criminal Procedure) provide that a prisoner arrested by a policeman shall be taken before a magistrate, to be held or discharged as the case might require; and we find nowhere, nor have we been referred to, any statute conferring the power of magistrates upon police lieutenants, or authorizing them to decide whether a prisoner should be held or discharged. It is true that the rules of the department and the necessities of proper discipline require that the members of the force shall promptly obey the lawful orders of their superior officers. But when an officer receives an order, such as the relator did in this case, which is designed to prevent his per-

formance of what seems to be a plain statutory duty, he is not to be convicted of insubordination because he stops for a few minutes to consider what course his duty as a policeman requires him to take. While we interfere reluctantly with the disciplinary measures of the police department, it is our duty to do so when the only offense charged fails of support from the evidence.

The writ must be sustained, the proceedings annulled, and the relator reinstated, with $50 costs and disbursements. All concur.